**MORGAN LEASING, INC. and State Insurance Fund, Petitioners,**

v.

**Patty A. WILLIAMS and Workers' Compensation Court, Respondents.**

**No. 81713.**

Court of Appeals of Oklahoma, Division No. 2.

Nov. 2, 1993.

As Corrected Jan. 25, 1994.

---

3. yet.

William R. Redell, State Insurance Fund, Tulsa, for petitioners.

Richard A. Bell, Norman, for respondent.

REIF, Vice Chief Judge.

Employer and its insurance carrier, State Insurance Fund, seek review of the trial court's award of benefits for an injury Claimant sustained while driving a truck for Employer. Employer and the Fund contest the award on the ground that Claimant was injured as a consequence of her own misconduct of driving at an excessive speed. More particularly, they contend that the injury was not covered, because it occurred during the time Claimant was stopped by a law enforcement officer who issued Claimant a citation for speeding. Employer and the Fund cite no Oklahoma authority to support their contention, but have provided extensive authority from other jurisdictions holding that an employee who is injured as a consequence of violating the law is disqualified from benefits.

■ Unlike the cases cited by Employer and the Fund, this is not a case where Claimant's illegal act caused or contributed to the accident which injured Claimant. The undisputed facts are that Claimant was injured because the wind blew the truck door against her while safely stopped in obedience to a law enforcement officer's direction to stop. Such cooperation with law enforcement officers is clearly within Claimant's employment as a truck driver. The issuance of a citation as a result of the stop is irrelevant to the scope-of-employment inquiry. It was Claimant's legal duty and employment duty to stop, regardless of the officer's purpose or the ultimate outcome of the stop.

■ We hold that the injury in question is not within the express statutory exclusions of 85 O.S.1991 § 11, and that the award of benefits under the circumstances of this case does not offend any other public policy. We further hold that an employee whose duties include driving a motor vehicle for the employer and who sustains an *accidental* injury while safely stopped in cooperation with a law enforcement officer's direction to stop is injured within the scope of employment, regardless of the purpose of the law enforcement officer's stop and the ultimate outcome of the stop.

The award is supported by competent evidence and is not contrary to law as alleged by Employer and the Fund and is therefore affirmed.

BOUDREAU, P.J., and RAPP, J., concur.